52 F.3d 333
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Junice Rabe GRAVA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70019.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 10, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Junice Rabe Grava petitions for review of the Board of Immigrations' (BIA) order upholding the Immigration Judge's (IJ) order of deportation. We have jurisdiction under 8 U.S.C. Sec. 1105a(a) and we deny the petition.
 
 
 3
 Grava first argues that we must remand because the BIA adopted the IJ's order and therefore did not make a reasoned decision. This argument is foreclosed by our decision in Alaelua v. INS, 45 F.3d 1379 (9th Cir.1995). When the BIA adopts the IJ's opinion, we review the IJ's decision. Id. at 1382.
 
 
 4
 Grava next argues that she demonstrated the requisite level of persecution based on political opinion to qualify for asylum or withholding of deportation. We disagree.
 
 
 5
 A petitioner is entitled to asylum under 8 U.S.C. Sec. 1158(a) if she establishes a well-founded fear of persecution on account of political opinion that is both subjectively genuine and objectively reasonable. Abedini v. United States INS, 971 F.2d 188, 191 (9th Cir.1992). A petitioner is entitled to mandatory withholding of deportation under 8 U.S.C. Sec. 1253(h)(1) if she shows a clear probability of such persecution. Estrada-Posadas v. United States INS, 924 F.2d 916, 920 (9th Cir.1991). The persecution must be linked to political motives, not personal hostility. Zayas-Marini v. INS, 785 F.2d 801, 806 (9th Cir.1986); accord INS v. Elias-Zacarias, 504 U.S. 478, 480 (1992) (alien must demonstrate a nexus between her political opinion and the persecution).
 
 
 6
 Grava testified that she fled the Philippines with her family because she feared that she would be kidnapped or killed in retaliation for her father's efforts to expose corruption in the customs department. Grava's father, a customs official, cooperated in the investigation of his supervisor, Doroteo Toledo, for smuggling. Grava received telephone threats "to tell her father to be careful or the family could be in danger." The tires on a family car were slashed and two pets were poisoned. After her father cooperated, a friend relayed that Toledo had issued a contract to kill the family.
 
 
 7
 Grava's fear of persecution is not linked to her political opinion; rather, her fear is based on Toledo's personal vendetta against her father for his efforts to expose corrupt practices in a government agency. The government investigated the corruption for possible criminal prosecution. Therefore, Grava has not established fear of persecution on account of her political opinion. See Zayas-Marini, 785 F.2d at 806 (denying asylum when alien refused to participate in a smuggling scheme and the corrupt officials threatened the alien based on their personal hostility). Because Grava does not meet the standard for asylum, it follows that she does not meet the standard for withholding of deportation. See Estrada-Posadas, 924 F.2d at 920.
 
 
 8
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3